UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB 1 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Michael Jackson )
11373-007 )
P.O. box 630 )
Winton, NC. 27986 )
(Enter your full name, prison number
and address)

v.

Harley Lappin (Dir) BOP )
David Farmer (Asst Warden) RCI )
James Broxon (chaplain) RCI )
_____ )
(Enter the full name and address(es),
if known, of defendant(s) in this
action)

CIV
(To b    CASE NUMBER  1:06CV00253
Dist    JUDGE: John D. Bates

DECK TYPE: Pro se General Civil

DATE STAMP: 02/13/2006

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Instructions for filing a Complaint by a Prisoner
Under the Civil Rights Act, 42 U.S.C. §1983

This packet contains one copy of a complaint form and one copy of an application to proceed *in forma pauperis*. To start an action, you must file an original and one copy of this complaint form.

Your complaint must be clearly handwritten or typewritten and you must sign and declare under penalty of perjury that the facts are correct. If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this Court only if one or more of the named defendants is located within the District of Columbia. Further, you must file a separate complaint for each claim that you have unless they are related to the same incident or problem. The law requires that you state only facts in your complaint.

You must supply a certified copy of your prison trust account, pursuant to the provisions of 28 U.S.C. §1915, effective April 26, 1996. The filing fee is $250.00. If insufficient funds exist in your prison account at the time of filing your complaint, the court <u>must</u> assess, and when funds exist, collect an initial filing fee equal to 20 percent of the greater of:

(1) the average monthly deposits to your prison account, or
(2) the average monthly balance of your prison account for the prior six-month period.

**RECEIVED**

JAN 27 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Thereafter, you are required to make monthly payments of 20% of the preceding month's income. The agency having custody over you must forward payments from your account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Therefore, before an assessment can be made regarding your ability to pay, you *must* submit a certified copy of your prison account for the prior six-month period.

When this form is completed, mail it and the copies to the Clerk of United States District Court for the District of Columbia, 333 Constitution Ave., NW, Washington, D.C. 20001.

I.  **SUCCESSIVE CLAIMS**

    Pursuant to the Prison Litigation Reform Act of 1995, unless a prisoner claims to be in "imminent danger of serious physical injury," he or she may not file a civil action or pursue a civil appeal *in forma pauperis* "if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or they failed to state a claim upon which relief could be granted."

II.  **PREVIOUS LAWSUITS**

    A.    Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?   Yes ( )   No (X)

    B.    Have you begun other lawsuits in state or federal court relating to your imprisonment? Yes ( )   No (X)

    C.    If your answer to A or B is Yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

        1.    Parties to this previous lawsuit.

            Plaintiffs:_____

            Defendants:_____

        2.    Court (if federal court, name the district; if state court, name the county)

            _____

        3.    Docket number_____

        4.    Name of judge to whom case was assigned:_____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)_____

6. Approximate date of filing lawsuit:_____

7. Approximate date of disposition:_____

### III.  PLACE OF CONFINEMENT

GEO/RCI  po box 840  Winton, NC 27986

A. Is there a prisoner grievance procedure in this institution?   Yes (X)   No ( )
If your answer is Yes, go to Question III B. If your answer is No, skip Question III B,C and D and go to Question III E.

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?
Yes (X)   No ( )

C. If your answer is Yes to Question III B;

1. To whom and when did you complain? Unit team, Food service Chaplain, Asst. Warden, Warden, and BOP

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)   Yes (X)   No ( )

3. What, if any, response did you receive? (Furnish copy of response, if in writing.) See Attachment complaint

4. What happened as a result of your complaint? All were either rejected or denied

D. If your answer is No to Question III B, explain why not. _____

E. If there is no prison grievance procedure in the institution, did you complain to prison authorities?   Yes ( )   No ( )

F. If your answer is Yes to Question III E;

1. To whom and when did you complain? _____

   _____

2. Did you complain in writing? (Furnish copy of the complaint you made, if you have one.)

3. What, if any, response did you receive? (Furnish copy of response if in writing)

   _____

4. What happened as a result of your complaint? _____

   _____

   _____

## IV. PARTIES

In item A below, place your name and prison number in the first blank and your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of Plaintiff: Michael Jackson 11373-007
   Address: P.O. box 630 Winton, NC 27986

In item B below, place the full name of the defendant(s) in the first blank, their official position in the second blank, their place of employment in the third blank and their address in the fourth blank. Do the same for additional defendants, if any.

B. Defendant: Harley Lappin _____ is employed as
   Director ~~BOP~~ at Bureau of Prisons
   Address: 320 First St NW
   Wash. DC. 20534

   Defendant: David Farmer _____ is employed as
   Asst Warden of Programs at GEO/RCI
   Address: P.O. box 840
   Winton, NC 27986

   Defendant: James Brown _____ is employed as
   Chaplain at GEO/RCI
   Address: P.O. box 840
   Winton, NC 27986

   Defendant: _____ is employed
   as _____ at _____
   Address: _____

## V. STATEMENT OF CLAIM

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include the names of other persons involved, dates and places. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra sheets if necessary. In brief I have been requesting a religious diet as specified by BOP policy and CFR 548.20 along with RCI policy I was denied at all levels of grievance at RCI even though they give different and conflicting responses on the informal and step 1-2 I began this process after a dinner meal on 7-4-05 was issued to this writer that contained pork in some pinto beans that was served on the tray. I thus began grieving this matter as I am a sunni muslim and RCI claims to be a pork free institution as previou stated I had been requesting a proper (Halal or keosher) religious diet since my arrival at RCI on 5-17-02. I have included a full copy of all complaints involved they are marked (complaints Also do to space issues on this document I have included a number of attachments to explain my complaint as it is and its points and authorities they are marked (points and authorities) please bare in mind I am only able to send one full copy of all document

## VI. RELIEF

State briefly exactly what you want the Court to do for you.
I want the court to compel the BOP to perform the following: to one recognize and fullfill it's responsibilities to contracted inmates at RCI, two enforce it's regulations and policies of RCI to provide a representative from it's office to hear and remedy concerns and complaints here at RCI, And finally to financially compensated this writer for all cost involving this case to include the $250.00 civil filing fee, postage cost and the cost for three years, seven month of three meals a day a total of approx. $2,610.00 (note this an approximate). I further want the court to in addition to the above mentioned relief grant financial compensation from Asst. warden of Programs David Farmer and chaplain James Brown in the amounts of $250.00 each for damages caused by their part in denying my religious rights (see attachment mark conversation with these two defendant.) Ultimately the establishment of a equal religiou diet as prescribed by RCI, BOP policy and CFR.

Signed this 27th day of December, 2005.

_Michael Jackson_
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

12-27-05
(Date)

_Michael Jackson_
(Signature of Plaintiff)

Ledger on Points and Authorities

**Paragraph 1**

Cited (GEO/RCI) Policy 15.003 see page2 section (Religious Diet) Cited see Informal Response (see informal resolution dated 7-5-05) The RCI policy 15.003 has been labeled Exhibit A, for identification

**Paragraph 2**

Cited (Revitalization Act 1997) see District of Columbia Official Code (24-101 (B)) this cite do to availability of copies has not been physically included but is labeled Exhibit B, for identification.

Cited (contract BOP-GEO/RCI J1PC-005) lines 31-38 of page6 & page7 lines 1-6 have been included and labeled Exhibit C for identification.

Cited (see complaints Regional & General Counsel) they are numbered BP-229, BP-230 they are labeled Exhibits D and E for idenfication.

Cited (28 C.F.R. 548.20) has been included and labeled Exhibit F for identification.

**Paragraph 3**

Cited (see BOP ps.5360.08 and BOP ps.4700.04) these Bureau of Prison's Policy Statements are included and labeled Exhibits G & H for identification.

**Paragraph 5**

Cited (Civil Case #A.01-01895 [HHK] Gartrell v. Ashcroft) which is officially cited as 191 Fed. Supp. 2d 23 (D.D.C.2002) Isadore Gartrell vs. John D. Ashcroft. Do to the length of the case this writer points to the fact finding portions of the case for the language used in my complaint. Begining with pages 25 thru 40. This case has not been physically included but has been labeled I for identification.

This writer has constructed this ledger to asist the court in researching this writer's complaint. Those items that are physically not present but are labeled (B-I) are asked to be used even though they are not physically present.

06 0253    FILED
FEB 1 3 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Points and Authorites

Full explanation of complaint

I.

This is stated to be a (pork free) institution (see GEO/RCI policy 15.003) food service confirmed pork items did enter this institution and was alledgedly served only to staff. (see informal response) staff is suppos to eat what the inmate population is served. (see GEO/RCI policy 15.001-3 It (the pork pinto beans) were served the evening of 7-4-05 to the main population and special diets. The steps one and two show that policy is being totally disregarded here at Rivers.

II

The reason I submitted this case in this court is first off the BOP assumed custody of all Dc.DC. felons when congress approved the (Revitalization Act 1997) and they (congress) gave expressed authority to the BOP. With this the BOP is responsible for my care and well being while in its custody. (I am to be treated equal to the same treament that the BOP gives to inmates housed in its institutions.) The BOP has entered into a contract with GEO/RCI to house DC felons. In the detail of the contract the BOP enjoined on GEO/RCI that Rivers would comply with all Federal Laws and (Regulations) (see contract BOP-RCI J lpc-005) page 6, lines 31-38 and page 7, lines 1-6). It is the BOP's responsibility to make sure that all terms are met with in the contract. The BOP failed to respond properly once they were informed as to the violation put forward in regards to this writer's religious rights (see complaints Regional and General Counsel). I captioned the word regulation because a Federal Regulation trumps any institution policy.   continued on next page

Page 1

## Points and Authorities

**II** continued from previous page

28 C.F.R. 548.20 states the BOP provides inmates with religious dietary law requirements a reasonable and <u>equitable</u> opportunity to observe those dietary laws. This is a federal regulation and therefore totally applicable to the terms of the contract (see contract JIpc-005 page 6 lines 31-38). Once the BOP was notified about my complaint and the status of that complaint and they failed to act in the proper capacity. (compel RCI to establish the requested religious diet) They (the BOP) became a liable party as my legal custodian they are again responsible for the contract and my overall care and well being. That well being was and has been questably jeopardized, since my arrival.

**III**

In (28 C.F.R. 548.20) the word equitable is underlined above in paragraph 2 because it came to this writer's attention that GEO/RCI did in fact have a religious diet as stated in 28 CFR 548.20, however RCI's chaplain James Brown made it open <u>only to Jewish inmates</u>. The word equitable by definition means equal, just and fair, not to show unfair preference. The chaplain James Brown told this writer in two person to person meetings that this writer <u>being a muslim</u> <u>will not recieve the diet, expressing,</u> "<u>it is only for the Jews.</u>" I informed him of Islam's strict dietary laws (see Holy Quran chapter 5 verses 3-5) He (chaplain Brown) stated "<u>the regular meal is for you</u>," I then showed him proof that it wasn't Halal or kosher and he ignored it. The expressed words of the CFR say (equitable) opportunity and the RCI policy 15.003

page2

continued on next page

Points and Authorities

III. continued from previous page.

is in conjunction with the BOP developed program statements designed to comply with 28 CFR 548.20. (see BOPps. 5360.08, 4700.04) and RCI's chaplain Brown plainly ignored the Federal Regulation even after being informed of it. And by doing so showed a prejudice towards this writer and my faith. BOPps 5360.08 use direct language from the CFR and point out who is eligible for the diet's availibility. BOPps. 4700.04 gives general policy in chapter 7 page 1 and in section 3 of the same chapter and page state that the Kosher and Halal diet are the same. This is religious descrimination in its plainest form, showing preference to one group and not another (giving one group it's diet and not the other group its diet.)

IV

Conversation with both defendants

The asst. Warden of programs became involved in these acts when he (David Farmer) enter his secretary's office while she was returning my grievances to me. (step 1 and step 2). Mr. Farmer saw that I was persistantly pursuing this issue he called me to his office twice. In the first meeting I informed him about the diet by policy and regulation and he told me after reading all of the applicable policies and CFR, he informed me that he would consult with the BOP on the issue. The following day he called me back to his office and called three Federal Correction Institutions, 'Buther FCI, Fort Dix FCI, and Petersburg FCI' all low custody facilities. All who over conference phone intercom stated that I had correctly cited policy and regulation.

page 3

continued on next page

## Points and Authorities

### IV continued from previous page

#### conversation continued

Asst. Warden Farmer then stated that he remembered about the diet from a previous institution he'd worked at. He then sent for chaplain Brown who after numerous pages over the institution P.A. system the chaplain manifested his person to Farmer's office. Farmer told chaplain Brown that he (Farmer) had spoken to the BOP and that I was right. The chaplain stated "the institutional regular diet was considered Halal." I then produced proof that it isn't considered Halal or Kosher and pointed out that he (chaplain Brown) was being bias toward my faith by giving the Jews the diet and denying it to the muslims, population. As a result Asst. Warden David Farmer told me, "he wouldn't do anything about it and I need to go to court." After being duly informed about the issue and failing to rectify the situation correctly he David Farmer has been named a defendant for not up holding the following; Institution policy, BOP policy, Codified Federal Regulation, and the contract between the BOP and GEO/RCI.

### V.

It is further that these incident are reminiscent of the incidents that occured in the civil case of Gartrell vs. Ascroft case# 01-1895. Where the BOP had contracted D.C. felons into a state of Virginia facility and the state enforced a strict military grooming policy, that violated the contracted inmates religious rights by forcing them to cut their beards and hair. The BOP was made liable by the district court in the person of the Hon. Henry H. Kennedy who told the BOP that as the

page 4

Continued on next page

## Points and Authorities

V continued from previous page

Bureau was liable because they are the legal custodians and that they (the BOP) was made aware of violations to the religious rights of the contracted inmates and they took no actions to rectify the situation. And that they were fully capable to remedy problem. As a result Judge Kennedy ruled in the favor of contracted inmates who religious rights were being violated in that no such grooming policy existed in the Bureau's institutions so no such conditions should be applied to the contracted inmates, held at a contract facility

I cite that case to point out the similarities to this writer's complaint once again contracted inmates religious rights are being violated (denial of proper opportunity to a proper Religious Diet) Two the BOP has been informed and refuses to remedy the problem as no such conditions exist in any BOP facility so no such conditions should exist for the BOP's contracted inmates at Rivers.

It is the expressed hope of this writer that the court will grant my informa Paupis and ultimately rule in this writers favor. Again it has just come to this writer's attention that each department head is granted a healthy bonus if they save GEO/RCI, money from their individual department budgets. So it is this writer's opinion that some one in the person of Chaplain James Brown is trying to save GEO money to incur such a quarterly bonus, as the money for the diet will come from the religious department.

page 5

Points and Authorities

I the partioner Michael Jackson do testify that the foregoing is true except the mention of the staff bonus that statement was told to this writer by a staff member, who wishes to remain anonymous.

Under Penalty of perjury that the foregoing is true and correct.
Date 1-2-06       Signature _Michael Jackson_  # 11373-007